\*A. L. NEWLIN and others v. S. M. WHITE, Ex'r.

## *Construction of Will.*

A testator, after making advancements to some of his children during his life time and disposing of his estate in such a manner as he declares will make them equal, directs his executor to divide the residue among his children to whom he had left property ; *Held* that the intention of the testator was to and to each share an equal portion of the surplus after paying the money legacies.

(*Freeman* v. *Knight,* 2 Ired Eq., 72, cited and approved.)

CONTROVERSY submitted without action under C. C. P. § 315, and heard at Fall Term, 1880, of ALAMANCE Superior Court, before *Eure, J.*

---

\*Ruffin, J., having been of counsel, did not sit on the hearing of this case.

The controversy presented for determination in this case arises upon the construction of the fourth clause, taken in connection with others, of the will of Seymour Puryear, which is in these words: 4th Item. "I give and bequeath unto my daughter Margaret Newlin household and kitchen furniture and stock, and one tract of land known as the "Robeson land," containing one hundred and seventeen acres, more or less, valued at two hundred and ninety dollars; also five hundred and sixty dollars, at different times, in cash. I also leave to Margaret's children, four hundred and forty dollars to make them equal with my other children." The testator's children were all daughters, to one of whom and the children of another, deceased, he gives no part of his estate for the assigned reason that they had been advanced to the full value of their shares. To another, he had conveyed land of the value of one thousand dollars mentioned in the sixth clause, and he adds: "If my other children get more than one thousand dollars apiece, then my daughter, Eliza, shall share equal with the other children." In the five preceding clauses, reciting the unestimated advances to those therein named, in household and kitchen furniture and stock and other advancements on which he puts a value, and in money, the testator makes pecuniary bequests of specific sums to the two living and the children of the three deceased daughters, in order, as he expressly declares, in four of those clauses "to make her" or "them" (the beneficiaries of his bounty) *equal with my other children*, and in the fifth, that the issue of his daughter, Sarah, "shall share equal with my other children after making them all equal."

The testator's own estimate of the value of his previous gifts, added to the legacies now given, distributes among his living and the children of his deceased daughters, including what had been advanced to the mothers, when living, as follows: To Adeline and Eliza, each, the sum of $1,000;

to Harriet and Sarah and their children, respectively, $1,000; to Nancy, $1160; to Margaret and her children A. L. and Julia J. Newlin, $1,290.

In the eleventh clause the testator disposes of the residue of his estate in these words: "It is my wish that my executor divide out among my children what property I may leave, equally among my children that I have left property to, and to have no sale of it."

Upon the hearing below, His Honor adjudged that the executor pay to the several legatees the sums bequeathed to each, and that the residue of the estate in the hands of the executor should be divided among those who have received only one thousand dollars until each has as much as the legatee, Nancy, and then among her and them until each has an equal amount with A. L. and Julia J. Newlin, the plaintiffs, to wit, $1290, and thereafter the distribution to be equal among them all, the issue of the deceased daughters to represent and take their mothers' shares. From this ruling the plaintiffs appealed.

*Mr. John W. Graham*, for plaintiffs.
*Messrs. E. S. Parker* and *J. E. Boyd*, for defendant.

SMITH, C. J., after stating the case. We concur in the ruling that the several legacies must be paid in full to each according to the directions of the will, if the fund is sufficient, regardless of the supposed effect in producing inequality in their value. The testator in explicit terms makes the apportionment and he declares that the sums thus given do in fact make, (and are so intended), each living daughter and the representatives of the deceased daughters for whom provision is made, "equal with his other daughters," in this distribution among them. There is no rule of construction and no principle of law which authorise the court to do direct violence to the testator's clear intentions in taking from what he has given one legatee and adding

to what he has given another, upon a supposed misconception of the results. The testator declares not only a general purpose to be impartial in bestowing his bounty, but that these several sums do produce equality among the recipients. This is the equality he intends and this division of the property must stand. We cannot undertake to say how far the excess in two of the shares may be due to the inferior value of the furniture and stock advanced to those daughters. The testator may have considered that inequality in determining the money bequests to them. The case cited in the plaintiffs' brief is decisive of this view of the case. *Freeman* v. *Knight*, 2 Ired. Eq., 72. There, the testator gave his son-in-law and wife "$2,700 and notes" adding "twenty-six hundred and seventy-six dollars of the money and notes embraced in this item have been paid to him—balance due, eighty-four dollars, to be paid to him at my death." The actual difference between the full legacy and the sum already received was but $24, but it was held the sum declared to be the balance ($84) must be paid.

But we are unable to accept the interpretation that the excess in the hands of the executor must be first paid to the legacies of apparent inferior value until they reach those rated at a higher value, before they can share in the fund.

The testator has already established what he considers to be an absolute equality among them, and upon this basis he requires any surplus the executor may have after meeting the money legacies, to be distributed equally among the children to whom property has been left, plainly intending to add to each share an equal portion of such surplus.

While the latter point is not strictly embraced in the case, it has been considered and passed on by the court, and has been argued by counsel on either side before us, and we intimate our opinion to avoid the inference that the ruling is approved.

Error.                                          Reversed.